UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-488-GWU

ALTA NOLAN
O.B.O. KASEY NOLAN, a minor child,                                        PLAINTIFF

VS.                            **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

**INTRODUCTION**

Kasey Nolan, by and through Alta Nolan, her mother and legal guardian, appeals from the negative decision on her application for Child's Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

**LAW APPLICABLE TO CHILD'S SSI BENEFITS**

As of 1996 <u>strict</u> standards for child's SSI claims were adopted. The Welfare Reform Act, P.L. No. 104-193, 110 Stat. 2105, provides that:

> An individual under the age of eighteen (18) shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

Thus, a child's SSI claim can be granted now only if there is a "marked and severe functional limitation(s)." The impairment must meet, medically equal, or functionally

1

equal in severity one of the Listing of Impairments (LOI) found at 20 C.F.R. Part 404, Subpart P, Appendix 2.  20 C.F.R. Section 416.924.

The implementing regulations require the agency to determine if the child's impairment(s) meet any LOI sections found at 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. Section 416.924.  If this step is not satisfied, the fact finder is required to consider limitation of specific functioning, broad areas of development or functioning, episodic impairments, and limitations related to medication effects to determine "functional equivalence" to the LOI.  Section 416.926a.  Functional equivalence is established if the child has one area of extreme functional limitations (i.e., very serious interference with functioning) or two areas of marked limitation (i.e., serious interference with functioning).  Id.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Kasey Nolan, a 7 year-old elementary school student, suffered from impairments related to her speech, language, and cognitive delays.  (Tr. 13).  Despite the plaintiff's impairments, the ALJ determined that she did not meet, medically equal or functionally equal the requirements of any of the Listing of Impairments Sections.  (Id.).  Therefore, the claimant could not be considered totally disabled.  (Tr. 19).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the Court

06-488-GWU   Nolan for Nolan

must grant the defendant's summary judgment motion and deny that of the plaintiff.

Substantial evidence supports the ALJ's findings. No treating, examining or reviewing source of record indicated that the Nolan girl's condition met or medically equaled the requirements of a Listing. The plaintiff does not challenge this portion of the ALJ's decision. The only issue raised by the claimant concerns the issue of functional equivalence.

In order to "functionally equal" the requirements of a Listing, a claimant must prove she has a "marked" limitation of ability in two of six broad areas of functioning known as "domains" or an "extreme" limitation of ability in one domain. 20 C.F.R. Section 416.926a(d). A "marked" limitation is defined as an impairment which "seriously interferes with your ability to independently initiate, sustain or complete activities." 20 C.F.R. Section 416.926a(e)(2). An "extreme" limitation is defined as an impairment which interferes "very seriously with your ability to independently initiate, sustain or complete activities." 20 C.F.R. Section 416.923a(e)(3). The six domains are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. 20 C.F.R. Section 416.926a(b)(1).

In the present action, the ALJ determined that Nolan's impairments imposed a "marked" limitation in the domain of acquiring and using information and a "less

3

06-488-GWU    Nolan for Nolan

than marked" limitation in the areas of interacting and relating with others. (Tr. 15, 17). The ALJ found no restriction with regard to the other four domains. (Tr. 16-19). The plaintiff argues that she should have been found to have a "marked" limitation as well in the area of attending and completing tasks. Since she would have "marked" restrictions in two domains, she would "functionally equal" the Listings.

      The undersigned does not agree that the evidence supports a finding that Nolan suffered from a "marked" limitation in the area of attending and completing tasks. With regard to this domain, the administrative regulations indicate that among the abilities a child such as the plaintiff should have include being able to focus one's attention in a variety of situations to follow directions, organizing one's school assignments, being able to change directions and routine without distracting others, and performing transition tasks such as changing clothes after gym class without needing direction from others. 20 C.F.R. Section 926a(h)(2)(iv). Psychologist James Leisenring, an examining consultant, opined that the claimant was only "mildly" compromised in the area of completing tasks. (Tr. 149). Psychologists Ed Ross (Tr. 169) and Dennis Penn (Tr. 177), the non-examining medical reviewers, each opined that the Nolan's impairment was "less than marked" in the area of attending and completing tasks. Kathy Smith, the plaintiff's kindergarten teacher, noted only "slight problems" in the areas of focusing long enough to finish an assigned activity or task, carrying out multi-step instructions,

organizing her own things or school materials, completing class/homework assignments, completing work accurately without careless mistakes, working without distracting from self or others, and working at a reasonable pace/finishing on time. (Tr. 92). The claimant was reported to have "no problem" in such areas as paying attention when spoken to directly, sustaining attention during play/sports activities, refocusing to task when necessary, carrying out single-step instructions, waiting to take turns, and changing from one activity to another without being disruptive. (Id.). The modest limitations indicated by Smith do not suggest "marked" impairment. Therefore, these reports provide substantial evidence to support the ALJ's decision.

Nolan cites a number of reasons why she believes she suffered from a "marked" limitation in the area of attending and completing tasks. She notes being below grade level in reading, math, and language arts and that her teacher indicated that she had not met the kindergarten exit criteria. However, most of these factors cited by the claimant actually relate to the domain of acquiring and using information, in which she was found to have a "marked" restriction. Therefore, they do not help her prove that she is markedly limited in the area of attending and completing tasks.

Nolan asserts that the ALJ erred in relying upon the opinions of the non-examining medical reviewers in preference to that of Psychologist Rodney Ping, whose report was not seen by them. However, the Court notes that Ping did not

report the existence of more severe, specific restrictions than were found by the ALJ. (Tr. 138-145). With regard to the domain of attending and completing tasks, as previously noted, Leisenring specifically indicated that the plaintiff would only be "mildly" restricted in this area. Leisenring was an examining source and, so, was equally-placed to Ping. If there were a discrepancy between the opinions of the two examiners, the ALJ could reasonably rely upon Leisenring. Therefore, the undersigned finds no error.

The ALJ appeared to have properly concluded that Nolan did not suffer from a "marked" restriction in any of the four other domains.

With regard to the area of caring for oneself, Leisenring noted Nolan was "significantly" impaired. (Tr. 148). Ping reported that testing results on the Vineland Adaptive Behavior Scales suggested moderately low to low functioning in the area of daily living/self care. (Tr. 143). However, the examiner also stated that she demonstrated no significant deficits in self-help skills when observed at school. (Id.). Upon follow-up questioning with the claimant and her mother, the examiner opined that her skills in this area were within age-appropriate limits. (Id.). Ping's opinion offsets that of Leisenring. The reviewers each opined that the plaintiff had no limitation in this domain. (Tr. 170, 178). Smith, the plaintiff's teacher, noted no problem in this domain on the Teacher Questionnaire. (Tr. 99). Therefore, under these circumstances, the Court finds no error.

06-488-GWU   Nolan for Nolan

With regard to the domain of interacting and relating with others, Ping noted that the Vineland testing indicated moderately low to low skills in the areas of communication and socialization.  (Tr. 143). However, observation of Nolan at school as well as interviews with the child and her mother revealed no significant deficit in social skills.  (Tr. 143).  Ping concluded that her skills in this domain were within the age-appropriate range.  (Tr. 143).  While Leisenring found a significant limitation in communication, he also indicated that her socialization was within normal limits.  (Tr. 148-149).  The reviewers each found no limitation in this domain.  (Tr. 169, 177).  Teacher Smith also observed no problems in this area.  (Tr. 93). Based upon her communication problems, the ALJ found a "less than marked" limitation in the domain of interacting and relating with others.  (Tr. 16-17).  This finding would appear appropriate.

With regard to health and well being, Nolan's mother noted problems with allergies and her daughter's hearing.  (Tr. 236).  The plaintiff's treating sources at the Clay County Medical Center (Tr. 185-205) and Dr. Douglas Irwin (Tr. 206-214), did not impose specific physical limitations.  The reviewers each opined that there was no limitation in this domain.  (Tr. 170, 178).  Teacher Smith noted that the claimant needed glasses, which she often failed to bring to school.   (Tr. 95). Therefore, the ALJ dealt properly with this portion of the decision.

06-488-GWU   Nolan for Nolan

With regard to moving about and manipulating objects, the Court notes that both reviewers found no restriction in this domain. (Tr. 170, 178). Smith indicated no problem in this area on the Teacher Questionnaire. (Tr. 98). Nolan has not alleged any error on the part of the ALJ in finding that there was no limitation in this domain.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of August, 2007.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**